# EXHIBIT A

DISTRICT COURT, DENVER COUNTY, COLORADO
Court Address:
Denver City and County Building
1437 Bannock St    Rm 256
Denver, CO 80202-0000

Case Number: 15CV-032320
Div.: 368

Plaintiff: X CLEARING CORP

Defendant: MARINE EXPLORATION INC et al

## TRANSCRIPT OF JUDGMENT

Original Judgment Amount:    $892,449.00    Judgment Date: October 14, 2016
Revived Judgment Amount:    $.00    Judgment Date:
Judgment Status:    UNSATISFIED

Additional Remarks:
INTEREST TO ACCRUE AT THE RATE OF 18 PERCENT PER ANNUM UNTIL SATISFACTION.

Debtor(s):    MADISON STOCK TRANSFER INC, 1688 East 16th St, BROOKLYN, NY 11229

Creditor(s): X CLEARING CORP, 387 Corona St, Suite 555, DENVER, CO 80218

Balance of Judgment to Date:    $892,449.00

I hereby certify that the above is a true and complete transcript of the judgment in the above-referenced case which is retained in my office.

Sabra Millett
Clerk of Court
DISTRICT COURT, DENVER COUNTY

Deputy Clerk

DATE: November 29, 2016

# TRIPLE CERTIFICATE

15CV32320

STATE OF COLORADO         )
CITY AND COUNTY OF DENVER) ss.

X Clearing Corp
VS.
Marine Exploration Inc

I, Sabra Millett, Clerk of the District Court of the Second Judicial District of the State of Colorado, City and County of Denver, certify the attached to be a true, perfect and complete copy of
Order Granting Plaintiff's Motion for Summary Judgment and Entering Judgment Against Madison

WITNESS my signature and seal in Denver, Colorado, on _____November 29, 2016_____, 20 ___.

(SEAL OF THE COURT)

_____
Clerk

STATE OF COLORADO         )
CITY AND COUNTY OF DENVER) ss.

I, Michael A. Martinez, Judge of the District Court of the Second Judicial District of the State of Colorado, City and County of Denver, certify that Sabra Millett, whose name is subscribed on the Certificate, now is and was at the time of signing and sealing it, Clerk of the District Court of the Second Judicial District of the State of Colorado, City and County of Denver, and custodian of the records and seal, duly appointed and qualified to office; that full faith and credit are and of right ought to be given to all her official acts in all Courts of Record and elsewhere; and that her attestation is in due form of law and by the proper officer.

WITNESS my signature and seal in Denver, Colorado, on _____November 29, 2016_____, 20 ___.

(SEAL OF THE COURT)

_____
Judge

STATE OF COLORADO         )
CITY AND COUNTY OF DENVER) ss.

I, Sabra Millett, Clerk of the District Court of the Second Judicial District of the State of Colorado, City and County of Denver, certify that Michael A. Martinez, whose signature is above, was at the time of signing it, Judge of the District Court of the City and County of Denver, State of Colorado, duly commissioned and qualified; that full faith and credit are and of right ought to be given to all his official acts in all Courts of Record and elsewhere.

WITNESS my signature and seal in Denver, Colorado, on _____November 29, 2016_____, 20 ___.

(SEAL OF THE COURT)

_____
Clerk

HANSEN BROS. PRINTING
LITTLETON, CO 303-794-0544

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER<br>STATE OF COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: October 14, 2016 8:45 AM<br>CASE NUMBER: 2015CV32320 |
| *Plaintiff:* X-CLEARING CORP.,<br><br>v.<br><br>*Defendants:* MADISON STOCK TRANSFER, INC. & MARINE EXPLORATION, INC. | ▲ COURT USE ONLY ▲<br><br>Case No.: 2015CV32320<br><br>Courtroom: 368 |
| ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ENTERING JUDGMENT AGAINST MADISON | |

THIS MATTER comes before the Court on Plaintiff X-Clearing Corp.'s Motion for Summary Judgment Against Madison, filed September 15, 2016. Defendant Madison Stock Transfer, Inc. (hereinafter "Madison") did not file a Response within the time permitted under C.R.C.P. 121(c) § 1-15(1)(c).

### I.   Undisputed Facts

1. Madison was a transfer agent for Defendant Marine Exploration, Inc. (hereinafter "Marine").
2. Madison and Marine had an agreement that required Marine to indemnify Madison.
3. In 2012, Plaintiff X-Clearing Corp. (hereinafter "X-Clearing") obtained a judgment against Madison for $520,000 plus 18% interest.
4. X-Clearing entered into a settlement agreement with Madison in June, 2012 wherein Madison agreed to pay X-Clearing $70,000 and assign the indemnification rights Madison had against Marine to X-Clearing.
5. Madison paid X-Clearing $70,000.
6. At the time Madison executed the settlement agreement, it represented that Marine was required to indemnify Madison for the 2012 judgment, knowing that Marine was, in fact, not required to indemnify Madison for that judgment.
7. When Madison executed a notice of assignment to X-Clearing, purporting to assign Madison's indemnification rights, it knew Marine was not contractually obligated to indemnify Madison.
8. Madison could not assign its indemnification rights to X-Clearing without Marine's consent, which it did not obtain.

## II. Procedural History

In 2011, X-Clearing sued Marine and Madison. Marine and Madison's attorney withdrew in that case and neither obtained new counsel to contest the merits of the claim. Default was entered because Madison never responded to X-Clearing's lawsuit. A damages hearing was held, but settlement occurred before the court entered its order.

In the case at bar, Madison, by and through counsel, filed an Answer to the Complaint on September 8, 2015. On July 22, 2016, X-Clearing served Madison with discovery requests. Pursuant to C.R.C.P. 36(a), Madison had until August 26, 2016 to respond, but failed to do so. On August 24, 2016, this Court granted Madison's attorney's Motion to Withdraw. On September 6, 2016, X-Clearing notified Madison of its failure to respond. On September 9, 2016, Madison's former counsel sent X-Clearing a package which included a copy of the September 6 notification and unsigned "discovery responses."

## III. Analysis

### A. The Requests for Admission are Admitted and Summary Judgment is Appropriate

Pursuant to C.R.C.P. 36(a), a request for admission is "admitted unless, within 35 days after service of the request…the party to whom the request is directed serves…a written answer or objection…." Thus, "[w]hen a party fails to respond in a timely way to a request for admission, it admits the relevant subject matter of the request." *Grynberg v. Karlin*, 134 P.3d 563, 565 (Colo. App. 2006). "These admissions may then be used to support a summary judgment." *Id.* And, it is appropriate to grant summary judgment when a party fails to timely respond to request for admission and such failure is fatal to the claims or defenses. *Id.*

Madison was represented by counsel at the time the requests were served. The motion to withdraw was not granted until more than a month had passed since service of the requests. Thus, deeming the requests for admission admitted is not punitive in this instance. *See id.* (*contrasting Moses v. Moses*, 505 P.2d 1302 (Colo. 1973)). Here, there has been a total failure to respond to requests for admission or any of the other discovery requests. *Id.* (*citing Cox v. Pearl Inv. Co.*, 450 P.2d 60, 62 (Colo. 1969)). The Court, therefore, deems all requests for admission admitted.

### B. Madison's Late and Unsigned Responses to Discovery are Invalid

"Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." C.R.C.P. 36(b). Neither prior to nor after

2

submitting its untimely and unsigned responses did Madison file a motion to amend its admissions or withdraw them as required by C.R.C.P. 36(b).

In contravention of this Court's warning, Madison remains unrepresented by any attorney permitted to practice in Colorado. The responses were unsigned and were provided, as a "courtesy copy," by Madison's former New York counsel, who is neither admitted to practice in Colorado nor has sought *pro hac vice* status. Thus, Madison has not responded to discovery and all requests for admissions are deemed admitted

### C. Madison Breached the Settlement Agreement

In the Complaint, X-Clearing alleged that Madison breached the settlement agreement with X-Clearing by failing to obtain Marine's consent to assign Madison's indemnification rights. Madison did not obtain Marine's consent to assign the indemnification rights to X-Clearing.

Madison's failure to obtain Marine's consent in the assignment, a fact deemed admitted, prevented X-Clearing from enforcing the indemnification. Without the ability to enforce the indemnification against Marine, X-Clearing has not been able to collect the judgment it obtained in 2012. Therefore, Madison breached the settlement agreement. Madison's breach has caused X-Clearing damages, including the remaining uncollected judgment of $450,000 ($520,000 - $70,000 Madison paid); interest on that amount of at least $422,449 (18% x $450,000 for four years); and fees and costs.

### IV. Conclusion

In light of the foregoing, the Court ORDERS that judgment enter in favor of Plaintiff X-Clearing Corp. and against Defendant Madison on the third claim asserted in the Complaint for the principal totaling $450,000, plus accrued interest at 18% per annum in the amount of $422,449, for a total judgment of $872,449 with interest continuing to accrue at the contract rate of 18% per annum from the date of judgment until satisfaction of the judgment, plus costs of collection and attorneys' fees.

ENTERED this 14th day of October, 2016.

BY THE COURT:

*Catherine J. Lemon*

Judge Catherine Lemon
District Court Judge

3

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>Court Address:<br>1437 Bannock Street, Rm 256, Denver, CO, 80202 | |
| Plaintiff(s) X CLEARING CORP<br>v.<br>Defendant(s) MARINE EXPLORATION INC et al. | DATE FILED: November 10, 2016 4:49 PM<br>CASE NUMBER: 2015CV32320 |
| | ⚠ COURT USE ONLY ⚠<br>Case Number: 2015CV32320<br>Division: 368    Courtroom: |
| **Order Granting Plaintiff's Motion to Dismiss Madison's Counterclaims and Request to Certify Judgment Pursuant to C.R.C.P. 54(b)** | |

The motion/proposed order attached hereto: GRANTED.

Issue Date: 11/10/2016

*Catherine J. Lemon*

CATHERINE A LEMON
District Court Judge