**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Madison Stock Transfer Inc.<br><br>                                Debtor, | Chapter 11<br><br>Case No. 19-23364-RDD |

**ORDER GRANTING CREDITOR'S APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING PRODUCTION OF DOCUMENTS FROM, AND EXAMINATION OF, THE DEBTOR AND THE PRODUCTION OF DOCUMENTS BY NY COMMERCIAL BANK, JP MORGAN CHASE BANK, HSBC BANK AND <u>ROBERT LUBIN, CPA,</u>**

Upon the application, dated September 10, 2019 (the "Application") of X-Clearing Corp., n/k/a Somerset Capital Ltd. ("X-Clearing"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order (i) directing that the debtor, Madison Stock Transfer, Inc. ("Madison" or "Debtor") produce certain documents set forth in Exhibit 1 hereto and that its President, Michael B. Ajzenman, appear for examination, and (ii) authorizing X-Clearing to issue subpoenas for the production of documents from New York Community Bank, f/k/a New York Commercial Bank ("NYCB"), JP Morgan Chase Bank ("Chase"), HSBC Bank ("HSBC") and Robert Lubin, CPA ("Lubin") in the form and substance as Exhibits 2, 3, 4 and 5 hereto; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no other or further notice of the Application being required except as set forth herein; and the Court having

determined that no hearing was necessary to consider the relief request in Application; and, after due deliberation, the Court having determined that the Application has established good and sufficient cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein, pursuant to Fed. R. Bankr. P. 2004;

2. The Debtor shall produce the documents in its possession, custody or control set forth on Exhibit "1" hereto at the offices of White and Williams LLC, 7 Times Square, Suite 2900, New York, New York 10036-6524, no later than 20 days after notice of the entry of this Order;

3. The Debtor shall produce Michael B. Ajzenman for examination under oath and in accordance with Fed. R. Bankr. P. 2004 on a mutually agreeable date at the offices of White and Williams LLC, 7 Times Square, Suite 2900, New York, New York 10036-6524; provided, however, that such oral examination shall be conducted no later than 30 days after notice of the entry of this Order;

4. X-Clearing is authorized to issue subpoenas *duces tecum* pursuant to Fed. R. Bankr. P. 2004(c) to NYCB, Chase, HSBC, and Lubin in the form and substance of the subpoenas attached hereto as Exhibits "2", "3", "4" and "5".

5. This Order is without prejudice to the rights of X-Clearing to apply for further discovery of any material witness or document.

6. This Order is without prejudice to the assertion of any applicable privilege; provided, that if a document otherwise required to be produced hereby is withheld on the basis of an asserted privilege, the withholding party shall produce a proper privilege log at the time and place of production hereunder.

7. In addition to service of the foregoing subpoenas, X-Clearing shall serve a copy of this Order and of the Application on the Debtor, NYCB, Chase, HSBC, and Lubin, by regular mail

Dated: October 15, 2019
      White Plains, New York

                              /s/Robert D. Drain
                              THE HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## SCHEDULE OF DOCUMENTS TO BE PRODUCED
## BY MADISON STOCK TRANSFER, INC.

### DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below and should be given their most expansive and inclusive interpretation unless otherwise expressly limited:

1. "Communication" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. "Concerning" means, without limitation, relating to, referring to, describing, evidencing or constituting.

3. "Document" shall be synonymous in meaning and equal in scope to the broadest usage of this word in Rule 34 of the Federal Rules of Civil Procedure and shall include the original and any non-identical copy (whether different from the original because of marginalia, handwritten notes, underlining or otherwise) of anything written, recorded or memorialized in any way, including, but not limited to, all electronically stored information, papers, letters, faxes, drafts, writings, correspondence, memoranda, emails, email attachments, records, reports, books, summaries, diaries, calendars, telephone logs, notes, work papers, calculations, interoffice communications, journals, logs, agreements, prospectuses, financial statements, schedules, advertisements, accounting books or records which now or at any time were within the possession, custody or control of the Debtor. Documents that are identical, but in the possession of more than one person or entity, are separate Documents within the meaning of this term. A draft or non-identical copy is a separate Document within the meaning of this term.

4.	"Identify" when used in reference to a natural person means to state his or her full name, present residential address and home telephone number, present business address and business telephone number or, if the above are not known, such information as was last known, and his or her residential address, home telephone number, business title, business affiliation, business address and business telephone number at the time in question.  When used in reference to a document, "Identify" means to state the type of document (e.g., letter, memorandum, contract, telegram, etc.) or some other means of identifying it, its date, the general subject matter of the document with sufficient particularity so as to enable such document to be precisely identified, author or authors, addressee or addresses, and its present location or custodian.  When used in reference to an act, occurrence, transaction, decision, statement, communication or conduct (hereinafter collectively referred to as "act"), "Identify" means to describe in substance the event or events constituting such act, or what transpired, the place and date thereof and to identify the persons present, the persons involved and the documents referring or relating thereto.

5.	"Including" means "including without limitation."

6.	"Person" or "Persons" means any natural person.

7.	"You" or "Your" means Debtor Madison Stock Transfer Inc.

8.	As used herein, the terms "and" and "or" are intended to have both conjunctive and disjunctive meanings in order that those terms be as inclusive as possible.

9.	As used herein, the terms "any" and "all" shall each be construed to mean "each and every," so as to be as inclusive as possible.

10.	As used herein, the terms "include" and "including" shall be construed to mean "without limitation," so as to be as inclusive as possible.

11. As used herein, the singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural, the feminine or the neuter, as the particular context makes appropriate.

12. The past tense and present tense shall be construed as interchangeable so as to be as inclusive as possible.

## INSTRUCTIONS

1. In producing the Documents, You are requested to furnish all documents known or available to You, regardless of whether such Documents are possessed directly by You or Your agents, officers, employees, representatives, entities which You control or are the principal, and other persons acting or purposing to act with, for, or on Your behalf, including Your attorneys or their agents, employees, representatives, or investigators.

2. Each Document is to be produced (along with all drafts thereof) in its entirety, without abbreviation or expurgation. If any requested Document cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and state whatever information, knowledge, or belief You have concerning the produced portion.

3. All electronic Documents, metadata intact, must be produced in the form in which they exist in the system of the producing party as allowed by Federal Rule of Civil Procedure 34(b)(1)(C).

4. Where any copy of any Document is not identical to the original or any other copy thereof, by reason of any alterations, marginal notes, comments or other materials contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced.

5. If You claim that any Document responsive to a Request is protected from disclosure by any legal privilege or exemption from disclosure, You must identify the nature of

each privilege or exemption claimed; identify the date, author(s), recipient(s), and basic subject matter of the allegedly privileged or exempt information in sufficient detail to allow the validity of the claim to be assessed; and provide all responsive information that is not reasonably and legitimately subject to the claimed privilege or exemption.

6.    If there are no Documents in your possession, custody, or control that are responsive to a Request, your response must so indicate.

7.    If any Document requested has been lost or destroyed, You shall submit in *lieu* of such Document, a written statement (a) describing in detail the nature of Document and its contents; (b) identifying the Person or Persons who prepared or authorized the Document, and, if applicable the Person to whom the Document was sent; (c) specifying the date on which the Document was lost or destroyed, and, if destroyed, the condition or reason for such destruction and the person or persons requesting or performing the destruction.

8.    Unless otherwise indicated, the relevant time period for these Requests is **July 1, 2015 to the present.**

## REQUESTS

1.    Copies of Madison's bylaws and articles of incorporation and any amendments thereto from July 1, 2015 through the present date.

2.    Documents sufficient to identify Madison's shareholders from July 1, 2015 through the present date.

3.    All checkbooks and bank statements of Madison from July 1, 2015 through the present date.

4.    All agreements, contracts or other Documents relating to the performance of any stock transfer or other services performed by Madison with respect to any company.

5. All financial statements relating to Madison and any and all books, records and/or documents relating to any assets listed on said financial statements, as well as any records relating to said financial statements, with respect to the time period of July 1, 2015 through the present date.

6. All federal and state income tax returns and any amendments thereto filed by or on behalf of Madison during the time period of July 1, 2015 through the present date.

7. All deeds, indentures, bonds, mortgages, title insurance policies, public liability insurance policies, tax bills, leases and other documents evidencing any legal or equitable interest in real estate owned by Madison, or in which Madison has or had at any time since July 1, 2015 any interest of any kind whatsoever, or which some other person or entity holds or held for Madison's interest or otherwise.

8. Any and all real estate leases between Madison and any other party.

9. The lease or other agreement pursuant to which Madison made the $5,400 deposit referenced in response to Schedule A, Question 7 of the Petition.

10. All statements or monthly billing records since July 1, 2015 for any credit card held in the name of Madison, or held by Madison in any capacity, or which Madison has used to make any purchase, pay any amount, or borrow any amount.

11. All Documents pertaining, referring or relating to stocks, bonds or other securities of any kind whatsoever owned by Madison held by any other persons or entities for Madison in trust, by pledge or otherwise, and all statements, invoices, and other documents from brokers or brokerage services in connection therewith.

12. Any and all certificates of deposit, promissory notes or other evidences of indebtedness of any kind whatsoever owned by Madison, or which some other person holds for Madison in trust or otherwise.

13. All titles, registrations, insurance policies, and all other documents evidencing any legal or equitable interest in all motor vehicles, mobile homes, recreational vehicles, aircraft or watercraft owned by Madison or in which Madison has or had at any time since July 1, 2015 any interest of any kind whatsoever, or which someone else holds or held for your interest or otherwise.

14. All documents pertaining, referring or relating to Madison's right to receive money or monies, however derived, from any source, including without limitation, income, receivables, sale proceeds, royalties, commissions, fees, pensions, interest, dividends and distributions.

15. Documents sufficient to identify the names and locations of all banks or other institutions in which Madison rents, rented or had access to, a safe deposit box or similar facility, at any time since July 1, 2015, and actual keys thereto.

16. All trust agreements of any and every kind in which Madison is either a trustee or beneficiary.

17. All Documents pertaining, referring or relating to interests in any proprietorship, partnership, joint venture or operation, of any and every kind, held or owned by Madison, legally, beneficially, equitably or otherwise.

18. Any and all agreements, documents, and communications between Madison and any other person for or relating to the purchase or sale of Madison's business, property or stock.

19. Any and all Documents and Communications relating to the location, status, or disposition of the proceeds of any sale of assets by Madison.

20. For any business, corporation, partnership, sole proprietorship, or other entity wherein Madison claims an interest, or had or claimed an interest at any time since July 1, 2015 the following books and papers:

a. Any and all documents and communications constituting, relating or pertaining to any accounts receivable, inventory, machinery, fixtures or equipment;

b. Any and all documents and communications constituting, relating or pertaining to any balance sheets, statements of operations, cash flow statements, projected cash receipts, projected cash disbursements, other projections;

c. Any and all documents and communications constituting, relating or pertaining to any customer lists;

d. Any inventories of merchandise, vehicles, machinery, fixtures and/or equipment;

e. All statements since July 1, 2015 for any savings account, checking account, money market account, brokerage or investment account, NOW account, credit union account;

f. All statements or monthly billing records since July 1, 2015 for any credit card;

g. Any and all documents and communications constituting, relating or pertaining to audited or unaudited financial statements, in their entirety, including without limitation management letters;

h. All deeds, indentures, bonds, mortgages, title insurance policies, public liability insurance policies, tax bills, leases and other documents evidencing any legal or equitable interest in real estate;

i. Any and all certificates of deposit, promissory notes or other evidences of indebtedness of any kind whatsoever;

    j.    All titles, registrations, insurance policies, and all other documents evidencing any legal or equitable interest in all motor vehicles, mobile homes, recreational vehicles, aircraft or watercraft; and

    k.    All documents relating, referring or pertaining to transfers of property of any and every kind, real, personal, or mixed, including to or from any trust or trustee from July 1, 2015 to the present.

21.    Copies of all certificates of title and registrations for any motor vehicles, aircraft or boats that are or were owned by Madison or in which Madison has or had an interest since July 1, 2015 through the present date.

22.    All Documents concerning any life insurance policies or key man insurance policies in which Madison is currently named as a beneficiary.

23.    All Documents relating to any judgments entered in favor of Madison or held by Madison against any third party.

24.    All Documents relating to any trade mark, copyright or patent in which Madison has an ownership interest.

25.    All Documents relating to any dividend, distribution or other disbursements made by Madison to any shareholder since July 1, 2015.

26.    All Documents relating to any transfer over $500 made to or from Madison from July 1, 2015 through to the present date.

27.    Documents sufficient to identify all of Madison's existing account debtors and copies of all accounts payable and receivable journals and/or ledgers of Madison for the time period of July 1, 2015 through the present date.

28.    All Documents relating to any payments, distributions or transfers by Madison to any employee or his/her spouse or other family members or the payment by Madison of any debts or other obligations on behalf of same.

29.    All Documents pertaining to any insurance policies held by or for the benefit of Madison.

30.    All documents pertaining to any bonds or deposits posted by or on behalf of Madison to secure the performance of any obligation by Madison,